By the Court :
When Miller became security for Crocket, he relied on his ability to perform the condition within the time stipulated. He had, by his contract, a right to the benefit of the whole term. Although the labor might not have been completed when he was turned out of possession, it does not follow that it would not have been done if the plaintiffs had not put it out of his power to proceed.
It is no answer to the objection, that the statute made it the duty of the trustees to proceed as they did. They have, no doubt, been influenced by considerations of duty; but' if in the discharge of duty, they have prevented the performance of a condition, on the non-performance of which, a penalty was to attach, they must submit to the consequences. It is immaterial to the defendant by what motives they were influenced. The consequences to him are the same. He stipulated for a conditional liability, or for a liability to be discharged on the performance of certain conditions in a given time, and he was entitled to the whole' of that time to perform those conditions, or to cause them to be performed. If he *247 who is to be benefited by the performance *of a contract, is the cause why it is not performed, the contract is dissolved, and the party bound is discharged from his obligation, and will be in the same situation as if he had performed it.
This rule of law applies with great force to cases where improvements are made on real estate, and the party for whose benefit they are to be made, prevents them from being done, by dispossessing the party bound, or by preventing him from entering on the premises. Here, the trustees re-entered, removed Crocket, and leased the land to a third person, who took possession, so that neither Crocket nor the defendant could enter, for the purpose of performing the condition, without being liable to an action of trespass.
The rule which governs this case is just and equitable, and the case itself is illustrative of the oppression that might be practiced, were it otherwise. By the terms of the bond, the obligors had the whole term of four years to make the improvements. They had a right, if they saw proper, to defer them till the last year. Of course, the condition was not broken, nor was the right of performing it forfeited, when the trustees made it unlawful for the defendants to proceed any further. From the testimony already heard, it appears that the improvements were nearly, if not entirely completed, before the possession was changed ; and it is a fair inference that they would have been finished in good faith, if Crocket had not been dispossessed. We mention this merely to show that there was no disposition, on the part of the defendants, to evade their duty, and that if it has not been fully performed, the blame lies at the door of the plaintiffs.
On the intimation of this opinion, the plaintiffs abandoned their second count, and took a verdict for the amount of the recognizance, being the rent for the first year.